UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
JUDY A. ROBBINS
UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
TRIAL ATTORNEY
615 E. Houston, Rm. 533
San Antonio, TX 78205
Telephone: (210) 472-4640
Fax: (210) 472-4649

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| VAL COLE ENTERPRISES, LLC | § | CASE NO. 16-52493-CAG |
| | § | |
| | § | CHAPTER 11 |
| | § | |
| DEBTOR | § | Hearing Date Requested |
| | § | |

## MOTION OF THE UNITED STATES TRUSTEE TO CONVERT CASE TO CHAPTER 7

TO THE HONORABLE CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE:

JUDY A. ROBBINS, THE UNITED STATES TRUSTEE for Region 7 ("UST"), through the undersigned counsel, respectfully moves for an order pursuant to 11 U.S.C. § 1112(b) converting this case to a case under chapter 7 of the Bankruptcy Code. The debtor has sold its primary asset but still has unpaid quarterly fees to the UST and unsecured debts. The debtor's only other assets are its interest in two entities. The case needs to be converted to chapter 7, so that a trustee can sell those interests to pay creditors in full. In support of this motion, the UST represents as follows:

1

## I. BACKGROUND

1. On October 31, 2016, the debtor filed a voluntary petition for relief pursuant to Chapter 11, Title 11 of the United States Code. The debtor owned 373 acres in Pleasanton, Texas.

2. On its Schedule A/B, the debtor asserted that the real property in Pleasanton was worth $2 million. The debtor also listed the following assets: (1) cash of $12.95; (2) a 2012 Peterbilt worth $70,000; (3) a 49% interest in DSD Environmental LLC valued at $850,000, and (4) a 16.667% interest in Pebble Pusher Holdings, LLC valued at $4,000.

3. The debtor listed three secured creditors on Schedule D. Texas Champion Bank owed $1,175,000 secured by the real estate, Atascosa County owed $100 secured by the real estate, and Security State Bank owed $50,000 secured by the Peterbilt.

4. The debtor listed three unsecured debts on Schedule E/F: Chris Orr for $10,000, Gaucho Holding LLC for $8,000, and RD Wells Investments for $10,000.

5. In a chapter 11 case, a debtor is required to file monthly operating reports by the 20th of the month for the previous month detailing its financial activity during that month. Local Rule 2015(b). To date, the debtor should have filed reports for November 2016 through February 2017. It has filed no reports.

6. During the case, Security State Bank filed a motion for relief from the automatic stay. On January 17, 2017, the court entered an Agreed Order requiring the debtor to resume making its regular monthly payments on the Peterbilt. If the debtor failed to make any monthly payment and failed to cure any notice of default, Security

State Bank could exercise its state law remedies. The UST has been informed that the debtor surrendered the Peterbilt to Security State Bank.

7. On February 16, 2017, the Court authorized the sale of the debtor's real property in two pieces to separate buyers, one for approximately $645,750, the other for $680,000. The Order recognized that the debtor owed $1,180,000 to Texas Champion Bank and $5,171.28 to Atascosa County.

8. The UST has been informed that the sale did close and that the secured creditors were paid along with costs of sale. The UST has been informed that the debtor has less than $10,000 in cash remaining.

9. Chapter 11 debtors owe quarterly fees to the United States Trustee for each quarter they are in a chapter 11. 28 U.S.C § 1930(a)(6). The debtor has never paid any quarterly fees during this case. Because the debtor has never filed any monthly operating reports, the UST does not know exactly how much the debtor owes. The debtor owes at least $325 for the fourth quarter 2016. Because of the property sale, the debtor will owe $6,500 for the first quarter 2017 based on disbursements between $1 million and $2 million. The debtor will owe at least $325 for the second quarter 2017.

## II. THE CASE SHOULD BE CONVERTED TO CHAPTER 7.

10. Under section 1112(b) of the Bankruptcy Code, the Bankruptcy Court shall convert a case to chapter 7 or dismiss a case, whichever is in the best interest of the creditors and the estate, if the movant establishes cause, unless the Court finds that a chapter 11 trustee or examiner is in the best interests of the creditors and the estate or the Court finds and specifically identifies unusual circumstances that establish that

conversion or dismissal of the case is not in the best interest of creditors and the estate. 11 U.S.C. § 1112(b).

11. "Timely and accurate financial disclosure is the life blood of the Chapter 11 process." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). Because monthly operating reports are the means by which the creditors, the Court, and the United States Trustee can monitor a debtor's post-petition operations, the failure to timely file its monthly operating reports by itself constitutes sufficient cause to warrant conversion of the case to chapter 7 or dismissal of this chapter 11 case. 11 U.S.C. § 1112(b)(4)(F); *Roma Group, Inc. v. Office of the United States Trustee (In re Roma Group, Inc.),* 165 B.R. 779, 780 (S.D.N.Y. 1994) (failure to file monthly operating reports "undermines the Chapter 11 process and constitutes cause for dismissal or conversion"); *In re Bacon*, 52 B.R. 52, 53-54 (Bankr. N.D. Iowa 1985) (failure to file monthly operating reports is sufficient "cause" to warrant dismissal of chapter 11 case because "creditors are not being provided the basic financial data necessary to make decisions regarding their best interests").

12. Because the debtor has not filed any operating reports, the Court, the UST, and creditors are unable to determine if the debtor has a reasonable likelihood of rehabilitation or if there has been a continuing loss to or diminution of the estate. Without operating reports, the Court, the UST, and any creditors cannot know whether the debtor is paying its obligations as they come due post-petition or whether the debtor is accruing administrative expenses. Therefore, cause exists to convert the case to chapter 7, and the case should be converted to chapter 7. 11 U.S.C. § 1112(b)(4)(F).

13. In addition, the debtor's failure to timely pay all quarterly fees owed to the UST also constitutes cause to convert the case to chapter 7. 11 U.S.C. § 1112(b)(4)(K).

14. Finally, the case should be converted to chapter 7 because the debtor has two assets, its interests in DSD and Pebble Pushers that could be liquidated to pay its creditors. The debtor has not filed a plan of reorganization to do so. Therefore, the case should be converted to chapter 7 so a trustee can liquidate the assets for the benefit of the creditors.

WHEREFORE, for the reasons stated above, the UST prays that the Court enter an order converting the case to chapter 7. The UST requests any and all further relief as is equitable and just.

Respectfully submitted,

JUDY A. ROBBINS
UNITED STATES TRUSTEE
REGION 7

By: /s/ Kevin M. Epstein
KEVIN M. EPSTEIN
Trial Attorney
Texas Bar No. 00790647
615 E. Houston St., Room 533
San Antonio, TX 78205
(210) 472-4640
(210) 472-4649 Fax
E-mail: Kevin.M.Epstein@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing MOTION OF THE UNITED STATES TRUSTEE TO CONVERT CASE TO CHAPTER 7 was served by electronic means for all Pacer system participants and/or by first class mail, postage prepaid, to all parties listed on the attached Service List on this the 7th day of April, 2017.

    /s/ Kevin M. Epstein
    Kevin M. Epstein
    Trial Attorney

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-5<br>Case 16-52493-cag<br>Western District of Texas<br>San Antonio<br>Wed Mar 22 16:29:54 CDT 2017 | Val Cole Enterprises, LLC<br>1120 Cardinal<br>Pleasanton, TX 78064-3902 | U.S. BANKRUPTCY COURT<br>615 E. HOUSTON STREET, ROOM 597<br>SAN ANTONIO, TX 78205-2055 |
| Atascosa County<br>c/o Don Stecker<br>711 Navarro, Suite 300<br>San Antonio, TX 78205-1749 | Atascosa County Tax<br>1001 Oak St.<br>Jourdanton, Texas 78026-2849 | Attorney General of the U.S.<br>10th & Const. Ave. N.W.#5111<br>Washington, D.C 20530-0001 |
| City of Jourdanton<br>c/o Lee Gordon<br>P.O. Box 1269<br>Round Rock, Texas 78680-1269 | Gaucho Holdings, LLC<br>1721 Clover Ridge<br>Pleasanton TX 78064-1748 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| RD Wells Investments<br>PO Box 216<br>Pleasanton TX 78064-0216 | Robert A. Rosenthal, Attorney<br>755 East Mulberry Ste. 200<br>San Antonio, TX 78212-4285 | Security Service Federal Credit Union<br>16211 La Cantera Parkway<br>San Antonio, Texas 78256-2421 |
| Security State Bank<br>1194 W. Oaklawn<br>Pleasanton, TX 78064-3958 | Security State Bank<br>c/o James A. Hoffman<br>Clemens & Spencer<br>112 E. Pecan - Ste. 1300<br>San Antonio, TX 78205-1531 | Texas Champion Bank<br>405 West Oaklawn<br>Pleasanton, TX 78064-4050 |
| Texas Workforce Commission<br>P.O. Box 12548 MC-008<br>Austin, TX 78711-2548 | U. S. Attorney/IRS<br>601 N. W. Loop 410, Suite 600<br>San Antonio, Texas 78216-5512 | U. S. Trustee<br>615 E. Houston St. Room 533<br>San Antonio, Texas 78205-2055 |
| United States Trustee - SA12<br>US Trustee's Office<br>615 E Houston, Suite 533<br>PO Box 1539<br>San Antonio, TX 78295-1539 | Dean William Greer<br>2929 Mossrock, Suite 117<br>San Antonio, TX 78230-5141 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Internal Revenue Service<br>P. O. Box 21126<br>Philadelphia, PA 19114 | End of Label Matrix<br>Mailable recipients    19<br>Bypassed recipients     0<br>Total                  19 |